IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRADLEY RODMAN AND RACHEL RODMAN, | § § § | |
| Plaintiffs, | § § | |
| | § | C.A. NO. _____ |
| V. | § § | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, INC. AND TIMOTHY PECK, | § § § § § | |
| Defendants. | § § | |

## **COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES BRADLEY RODMAN AND RACHEL RODMAN, hereinafter "Plaintiffs", complaining of Defendants LABORATORY CORPORATION OF AMERICA HOLDINGS and TIMOTHY PECK, hereinafter "Defendants," and in support of her causes of action, would respectfully show unto the Court the following:

### The Parties

1. Plaintiff is an individual residing in Lake County, Illinois. The last three digits of Plaintiff's Texas driver's license number are 112.

2. Defendant Laboratory Corporation of America Holdings, Inc. ("Labcorp") is a corporation headquartered in Delaware but registered to do business in Texas. Labcorp may be served by serving its registered agent Corporation Service Company d/b/a Csc-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant TIMOTHY PECK is an individual residing in Collin County, Texas at all times relevant to this lawsuit. Defendant may be served with process at his residence, 812 Silverbell Street, Princeton, TX 75407.

## Jurisdiction and Venue

4. This Court has exclusive federal jurisdiction over the subject matter of this cause of action under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the district.

5. This Court has specific personal jurisdiction over all Defendants. Defendants have done business in Texas and have committed negligent acts in Texas, as is further alleged below.

6. Venue in this District is proper under 27 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) because Defendants do business in and may be found in this District.

## Factual Background

7. On or about July 6, 2020, Plaintiffs were involved in a motor vehicle collision with Defendant Peck.

8. Defendant Peck was operating a Labcorp delivery vehicle at the time of the accident. Plaintiffs and Defendant were both traveling westbound on Evergreen Street.

9. Plaintiffs stopped at the stop sign and were struck from behind by Defendant.

10. As a result of the negligence of Defendants, Plaintiffs have suffered, and continue to suffer, injuries as more fully described below.

## Count 1:     Negligence

11. The incident complained of herein and the resulting injuries and damages to Plaintiffs were proximately caused by the negligence of Defendants in one or more of the following respects:

    a.    In operating a vehicle in a careless manner;

    b.    In failing to exercise due care;

    c.    In failing to have the vehicle under proper control;

    d.    In failing to timely make application of his brakes;

    e.    In failing to operate the vehicle in a reasonable and prudent manner;

    f.    In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

    g.    In traveling at excessive speed;

    h.    Driver inattention; and

    i.    Labcorp was negligent in failing to train and supervise its employee in the correct ways to operate a motor vehicle.

12. Each of these acts and omissions, singularly or in combination with others, constitute negligence, proximately causing the incident, which proximately caused the Plaintiffs' injuries.

13. Labcorp is liable for the actions of Defendant Peck under the doctrine of *Respondeat Superior*.

## Damages

14. As a direct and proximate result of the negligence of the Defendants, said elements of damage, all in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs seek to recover from Defendants include compensation for the following:

    a.    Past and future medical expenses;

    b.    Past and future pain and suffering;

    c.    Permanent nature of the injury;

    d.    Disfigurement;

e.   Past and future mental anguish; and

f.   Loss of wages and earning capacity.

## Jury Demand

15.   Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants herein be duly cited in terms of law to appear and answer herein, or voluntarily appear and answer herein, and that upon final hearing of this matter that Plaintiffs have judgment against Defendants for the full amount of actual damages with pre- and post-judgment interest thereon at the maximum legal rate, for costs of court in this behalf expended, and for such other and further relief, special and general, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:   */s/ Lance L. Livingston*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
mdortch@potts-law.com
**LANCE L. LIVINGSTON**
State Bar No. 24068269
llivingston@potts-law.com
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel: (214) 396-9427
Fax: (469) 217-8296

**ATTORNEYS FOR PLAINTIFFS**